CAMDEN WOOLEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10655. Promulgated July 11, 1928.

*Laurence Graves, Esq.*, for the petitioner.
*Thomas M. Wilkins, Esq.*, for the respondent.

**OPINION.**

Love: The first issue was disposed of at the hearing by the admission of respondent that the net income was overstated as claimed by petitioner.

The second issue relates to the rates of allowance for exhaustion, wear and tear of the buildings, machinery and equipment of petitioner. In the return petitioner computed allowances at rates of 3 per cent on the buildings and 7½ per cent on the machinery and equipment. Respondent has reduced these rates to 2½ and 5 per cent, applied to the same bases used by petitioner. We are satisfied from the testimony of the witnesses for petitioner that the assets were in rather a deplorable condition in the taxable year, yet the plant

was operated on an overtime basis and production at least equaled if it did not exceed prior-year averages, so that it is probable that the operations took a toll of wear and tear in excess of average rates applicable to normal conditions. In our view the conditions were far from normal and this question of depreciation is peculiarly one of fact. Under the circumstances recourse should be had to an intimate knowledge of the actual conditions which prevailed. This is supplied by the president, formerly the managing director, and the general superintendent, both men of experience, who determined the allowances claimed from their experience and upon careful consideration of conditions and of the year's operations. They have described in detail the condition of the principal assets, and the operating factors. We see no reason for a disallowance of the deduction claimed in the return by petitioner, and conclude that it should be allowed.

In the remaining issue petitioner makes application for a comparison with representative corporations, with relation to its excess-profits tax, as provided in sections 327 and 328 of the Revenue Act of 1921. Section 327 provides in part as follows:

That in the following cases the tax shall be determined as provided in section 328:

\*      \*      \*      \*      \*      \*      \*

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital. \* \* \*

The application is based upon two grounds (1) an abnormality of income due to a failure to pay usual officers' salaries, and (2) an abnormality of capital through operation with borrowed capital which is not allowable in statutory invested capital.

(1) The operations of petitioner were conducted under the care of a superintendent and an assistant superintendent, both resident, who were paid salaries which were deducted from income on the return. In addition, the managing director, serving without salary in the taxable year, gave his full time to petitioner during three months and a small part of his time for the remaining nine months when he was occupied elsewhere in connection with other interests. The selling end was handled on a commission basis by the firm of factors which owned the capital stock of petitioner during the taxable year. The managing director testified to the amounts of sala-

ries paid to their officers by other concerns within his knowledge but it does not appear whether these salaries were for full or for part time. Apparently the managing director was a man of experience and ability, but even so a reasonable salary allowance for his part-time services would amount to but a few thousand dollars, certainly not enough in our opinion to constitute an abnormality which would result in "exceptional hardship." Cf. *Pine Bluff Compress & Warehouse Co.*, 5 B. T. A. 938.

(2) Relative to the "borrowed money" the record shows that petitioner was in a financial condition described as "very poor" and it was necessary to borrow money from the bank. In addition the firm of factors, the stockholders of petitioner, granted credit during the year. The average of the aggregate of these liabilities amounted to less than 40· per cent of· the total economic capital claimed. We do not know whether under normal conditions it was customary for the factors to require immediate payment. Except for the discussion of the plant relative to depreciation we are left to conjecture what were the assets of petitioner. Obviously more is required than is afforded by the record to enable a conclusion that the conditions were abnormal. Respondent is sustained. Cf. *Spiesberger & Son Co.*, 2 B. T. A. 492; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566.

*Judgment will be entered under Rule 50.*